# Kirk Chapman Law LLC

415 East 37th Street, #29K, New York  10016

Rolando G. Marquez (of counsel)
Direct Dial (917) 951-0391
rolandomarquez@aol.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2025

August 21, 2025

VIA EMAIL

Hon. Mary Kay Vyskocil
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007
VyskocilNYSDChambers@nysd.uscourts.gov

Re:   *United States of America, ex rel. Daniel Foster v. TCC International LLC d/b/a CORE: Club, et al.*
      No. 23-Civ. 10084 (MKV) (S.D.N.Y.)

Dear Judge Vyskocil:

Along with Krevolin & Horst, LLC, this firm represents Relator Daniel Foster ("Relator") in the above-referenced action. We write to respectfully inform the Court that Relator and Defendants (together, the "Parties") in this action have reached a settlement regarding attorneys' fees and costs, pursuant to 31 U.S.C. § 3730(d).

On August 13, 2025, the Court approved of the Stipulation and Order of Settlement and Dismissal ("Settlement Stipulation") between the United States, Relator and the Defendants. The Court also approved the Stipulation and Order of Settlement and Release Between United States and Relator. The sole remaining issue in the case to be resolved between the Parties was Relator's right to seek attorneys' fees and costs under the fee shifting provisions of the False Claims Act, 31 U.S.C. § 3730(d). This issue has now been resolved.

Like the Settlement Stipulation, Defendants have also executed a Consent Judgment in Relator's favor, which may be enforced if they do not make the payments required under this settlement agreement.

Furthermore, the settlement agreement provides, and the Parties have agreed, to keep the terms of this agreement confidential with limited exceptions. The Parties have conferred on this point and respectfully request that this settlement agreement remain sealed. The Parties are aware of the Court's local rule on sealing requests; however, given the agreement's discussion of Defendants' sensitive financial information, the Parties have agreed that the terms of the settlement be kept sealed."

Hon. Mary Kay Vyskocil
August 21, 2025
Page 2

In addition, the Parties respectfully request that the Court approve and sign the Consent Judgment. In the event the Court signs the document, we respectfully request that the Court provide a signed copy via email to the undersigned and those copied below.

We thank the Court for its consideration of this letter and the accompanying submission.

Respectfully,

Rolando G. Marquez
*Of Counsel to Kirk Chapman Law LLC*

RGM:
Enclosure

cc:   *via email*
    Zahra S. Karinshak, Esq. (Counsel for Relator, karinshak@khlawfirm.com)
    Louis A. Pellegrino, Esq. (Counsel for Defendants, louis.pellegrino@dentons.com)
    Richard F. Ross, Esq. (Counsel for Defendants, rick.ross@dentons.com)

---

The Court does not have a copy of the proposed consent judgment referenced in this letter, which must be sent to Chambers via email by October 1, 2025. The Court requires more justification for the request to maintain such document entirely under seal. File a detailed letter on the public docket by October 1, 2025 explaining why the parties' interest in privacy outweighs the public right to open records and why sealing cannot be more narrowly tailored. Cite authority.

Date: Sept. 29, 2025
New York, New York

Mary Kay Vyskocil
United States District Judge